## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

JOSEPH OSBORNE,

                    Petitioner,

v.                                      Case No. 24-CV-308-JFH-GLJ

SCOTT TINSLEY,[1]

                    Respondent.

### OPINION AND ORDER

Petitioner Joseph Osborne, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of McCurtain County, Case No. CRF-1988-115. Respondent Scott Tinsley has moved to dismiss the petition, arguing that Petitioner failed to file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1) and, in the alternative, failed to exhaust available state remedies prior to filing the petition, in contravention of 28 U.S.C. § 2254(b)(1). Having considered the petition and brief in support [Dkt. Nos. 1, 2], Respondent's pre-answer motion to dismiss and brief in support [Dkt. Nos. 10, 11], and Petitioner's response in opposition to the motion [Dkt. No. 12], the Court grants Respondent's motion and dismisses the petition with prejudice, as barred by the statute of limitations.[2]

---

[1]   Petitioner presently is incarcerated at the Dick Conner Correctional Center, in Hominy, Oklahoma. The Court substitutes Dick Conner Correctional Center's interim warden, Scott Tinsley, in the place of Randy Harding, as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

[2]  Because the Court finds the petition should be dismissed as untimely, the Court does not address Respondent's alternative argument for dismissal.

## BACKGROUND

Petitioner was convicted of murder in the first degree in 1994 in the District Court of McCurtain County, Case No. CRF-1988-115, and sentenced to life imprisonment without the possibility of parole. Dkt. No. 11-2, at 1.[3] Petitioner directly appealed his conviction, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment and sentence in an opinion issued October 18, 1995. *Id.* at 1-16. Nearly three decades later, on June 6, 2022, Petitioner filed an application for post-conviction relief in the state district court, in which he argued that the State of Oklahoma lacked subject matter jurisdiction "to charge, prosecute and punish Petitioner because the alleged offense of 'first degree murder' was allegedly committed on federally protected lands owned by the U.S. government within the territorial jurisdiction of the United States." Dkt. No. 11-6, at 6 (citations omitted). The state district court denied relief on November 17, 2022, and the OCCA ultimately affirmed the denial on April 23, 2024. Dkt. No. 11-7; Dkt. No. 11-16. Petitioner then initiated the instant federal habeas action on August 23, 2024, again raising his jurisdictional claim. Dkt. No. 1, at 4, 9; Dkt. No. 2, at 3-12.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3] The Court's citations refer to the CM/ECF header pagination.

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became final under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

a.   The One-Year Limitations Period

Petitioner does not invoke the triggering events provided in § 2244(d)(1)(B)-(D). Accordingly, the timeliness of his petition is governed by § 2244(d)(1)(A).  Petitioner's judgment became final on January 16, 1996, upon the expiration of his ninety-day deadline to file a petition for writ of certiorari with the United States Supreme Court following the OCCA's October 18, 1995, decision.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  Because this date precedes the AEDPA's enactment, however, the Petitioner's one-year limitations period began to run under § 2244(d)(1)(A) on the AEDPA's effective date, April 24, 1996.  *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001).  It expired one year later, on April 24, 1997.  *Id.* Accordingly, Petitioner's August 23, 2024, petition is not timely under § 2244(d)(1)(A).

Petitioner contends that § 2244(d)(1) does not bar his petition because a challenge to a court's subject matter jurisdiction "is not waivable" and "may be raised at [a]ny time."  Dkt. No. 1, at 7-9; Dkt. No. 12, at 3, 5.  Claims that a judgment was imposed without proper jurisdiction, however, are not exempt from the AEDPA's one-year statute of limitations.  *See Pacheco v. El Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023) ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims."); *Murrell v. Crow*, 793 F. App'x 675, 679 (10th Cir. 2019) (holding that, "as with any other habeas claim,"

3

the petitioner's claim that the trial court lacked jurisdiction to accept his plea was "subject to dismissal for untimeliness" (alteration and internal quotation marks omitted));[4] *Owens v. Whitten*, 637 F. Supp. 3d 1245, 1251 (N.D. Okla. 2022) ("[N]o language in § 2244(d)(1)(A)—or any other provision of § 2244(d)(1)—supports that the one-year statute of limitations does not apply to judgments that are allegedly 'void' for lack of jurisdiction.").

Accordingly, Petitioner has not shown that he filed his petition within the AEDPA's one-year limitations period or that § 2244(d)(1) is inapplicable to his claim. The petition, therefore, is untimely absent statutory or equitable tolling.

b. <u>Statutory and Equitable Tolling</u>

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state post-conviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired."). Petitioner's 2022 application for post-conviction relief was filed twenty-five years after the expiration of the AEDPA's one-year limitations period and does not, therefore, trigger statutory tolling under § 2244(d)(2). Similarly, Petitioner's additional applications for post-conviction relief

---

[4] The Court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

or other collateral relief were filed well after his AEDPA limitations period expired.  *See* Dkt. No. 11-8, at 2-4.

While the AEDPA's statute of limitations also may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Petitioner argues he is entitled to equitable tolling because the United States Supreme Court's decision in *McGirt v. Oklahoma*, 591 U.S. 894 (2020) "significantly altered the understanding of the State[']s prosecutorial authority."  Dkt. No. 12, at 3.  Other courts within the Tenth Circuit have rejected the argument that this change in understanding qualifies as an extraordinary circumstance for purposes of equitable tolling.  *See, e.g.*, *Greene v. Nunn*, 606 F. Supp. 3d 1108, 1116-17 (N.D. Okla. 2022) ("Even accepting that *McGirt* significantly altered the understanding of the allocation of criminal jurisdiction in Oklahoma, . . . applying equitable tolling in this situation would effectively turn the doctrine of equitable tolling into a judicially-created equitable exception to § 2244(d)(1)'s one-year statute of limitations for all Oklahoma prisoners who were purportedly tried by a state court that lacked criminal jurisdiction." (footnote omitted) (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007))); *Jackson v. Nunn*, No. CIV-21-960-F, 2022 WL 2254446, at *5 (W.D. Okla. May 18, 2022) (finding *McGirt* did not entitle the petitioner to equitable tolling as to jurisdictional claim), *R. & R. adopted*, 2022 WL 2252611 (W.D. Okla. June 22, 2022).

Even if this were not so, Petitioner did not raise his jurisdictional claim until two years after the *McGirt* decision was issued and therefore fails to demonstrate the requisite diligence.  *See Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence."  (alteration

and internal quotation marks omitted)).[5]

## CONCLUSION

Based on the foregoing, the Court grants Respondent's motion to dismiss [Dkt. No. 10] and dismisses the petition with prejudice as barred by the one-year statute of limitations. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. the Clerk of Court shall note on the record the substitution of Scott Tinsley in place of Randy Harding as party respondent;

2. Respondent's motion to dismiss [Dkt. No. 10] is GRANTED;

3. the petition for writ of habeas corpus [Dkt. No. 1] is DISMISSED with prejudice as barred by the AEDPA's statute of limitations;

4. a certificate of appealability is DENIED; and

5. a separate judgment shall be entered in this matter.

Dated this 27th day of January, 2026.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[5] Additionally, "a convincing showing of actual innocence" may "serve[] as a gateway through which a petitioner may pass" despite the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Petitioner, however, has not raised this argument. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (explaining that "'actual innocence' means factual innocence, not mere legal insufficiency").